UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Anthony Fred Martin, # 242768, | ) C/A No. 4:15-1569-DCN-TER |
| Plaintiff, | ) |
| vs. | ) REPORT AND RECOMMENDATION |
| Nancy Merchant, | ) |
| Defendants. | ) |

Plaintiff, proceeding *pro se* and *in forma pauperis*, is an inmate incarcerated at Perry Correctional Institution (PCI) who alleges constitutional violations under 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss this action, without prejudice and without issuance and service of process.

I.      Factual and Procedural Background

Plaintiff alleges that in May of 2013 he gave postal director Nancy Merchant his response in opposition to a pending motion for summary judgment in Civil Action No. 4:12-cv-2100. (Complaint, Doc. # 1 at 4). He indicates that he later discovered that his response delivered to the prison mailroom in May of 2013 was never received by the Court. Id. Plaintiff submitted a second response dated June 10, 2013, which was received by the Court in Civil Action No. 4:12-cv-2100. (Doc. # 1 at 5).[1] Plaintiff alleges "deliberate filing interference" and asserts that he suffered financial

---

[1] See Doc. # 179 in Civil Action No. 4:12-cv-2100. This court may take judicial notice of Civil Action No. 4:12-cv-2100. Aloe Creme Laboratories, Inc. v. Francine Co., 425 F.2d 1295, 1296 (5th Cir. 1970).

1

injury in the cost of preparing his first submission, and the cost of preparing a second submission after the first was not received. *Id*. at 4-5. Plaintiff argues that he has a "federally protected constitutional right to access the courts" without interference from the prison "institutions internal mailing procedure." *Id*. at 5. Plaintiff seeks monetary damages. *Id*. at 6.

II.     Discussion

    A.     Standard of Review

Plaintiff filed his complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B) (I), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992). A claim based on a meritless legal theory may be dismissed sua sponte under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.1978). A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007). When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir.1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could

prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir.1990).

    B.    Analysis

The plaintiff's complaint is subject to summary dismissal without service of process because it fails to state a claim which this Court may consider under its federal question jurisdiction, *see* 28 U.S.C. § 1331, or its diversity jurisdiction. *See* 28 U.S.C. § 1332. The claims that the plaintiff attempts to state against defendant are state law negligence claims, not federal causes of action. *See, e.g.*, *Bloom v. Ravoira*, 529 S.E.2d 710 (S.C. 2000)(negligence); *Howard v. S. C. Dept. of Highways*, 538 S.E.2d 291 (S.C. Ct. App.2000)(property loss and damage by negligence is recoverable). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988). Deprivations of personal property, including negligent deprivations of personal property, do not support an action for damages under 42 U.S.C. § 1983. *See Daniels v. Williams*, 474 U.S. 327, 328–36 & n. 3 (1986). In *Daniels v. Williams*, the Supreme Court overruled its earlier holding in *Parratt v. Taylor*, 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981), that negligent deprivations of property implicate due process interests. Secondly, 42 U.S.C. § 1983 does not impose liability for violations of duties of care arising under state law. In other words, "[t]he Due Process Clause of the Fourteenth Amendment ... does not transform every tort committed by a state actor into a constitutional violation." *DeShaney v. Winnebago Cnty. Dep't of Soc. Serv s.*, 489 U.S.

189, 200–03, 109 S.Ct. 998, 103 L.Ed.2d 249 (1989).

The United States Court of Appeals for the Fourth Circuit has held that a federal district court should deny § 1983 relief if state law provides a plaintiff with a viable remedy for the loss of personal property, even if the deprivation was caused by an employee of the state, an employee of a state agency, or an employee of a political subdivision of a state. *Yates v. Jamison*, 782 F.2d 1182, 1183–84 (4th Cir.1986). Although *Yates v. Jamison* has been partially superannuated for cases where plaintiffs allege deprivations of intangible interests, such as a driver's license or "liberty," *see Plumer v. Maryland*, 915 F.2d 927, 929–32 & nn. 2–5 (4th Cir.1990), the holding in *Yates v. Jamison* is still binding on lower federal courts in the Fourth Judicial Circuit in cases involving deprivations of personal property. Hence, the alleged loss of plaintiff's property is not a basis for a federal civil rights action pursuant to 42 U.S.C. § 1983.

Under South Carolina law, plaintiff's claims relating to the lost property are cognizable under the South Carolina Tort Claims Act, S.C.Code Ann. § 15–78–10, et seq. (Westlaw 2013). Section 15–78–30 and its subparts encompass a "loss" of property from an occurrence of negligence proximately caused by a person employed by the State of South Carolina, a state agency, or political subdivision while acting within the scope of his or her employment. Plaintiff's claims relating to the lost property are cognizable under the South Carolina Tort Claims Act because Lieber Correctional Institution is operated by a department of the State of South Carolina.

Suits brought under the South Carolina Tort Claims Act must be brought in a state court within the boundaries of South Carolina. See S.C.Code Ann. § 15–78–20(e) (providing that the State of South Carolina does not waive Eleventh Amendment immunity, consents to suit only in a court of the State of South Carolina, and does not consent to suit in a federal court or in a court of another

State.). Under the South Carolina Tort Claims Act, there are different limitations periods for "verified" claims and claims which fail to comply strictly with the verified claim procedure required by S.C.Code § 15–78–80. *Joubert v. South Carolina Dep't of Soc. Servs.*, 341 S.C. 176, 534 S.E.2d 1, 8 (S.C.Ct.App.2000) (outlining differences between "verified" claims filed in accordance with S.C.Code § 15–78–80 as subject to three-year limitations period and all other claims being subject to two-year limitations period).

Cases from inside and outside this circuit point out that the availability of a state cause of action for an alleged loss of property provides adequate procedural due process. In other words, where state law provides such a remedy, no federally guaranteed constitutional right is implicated. *See Treece v. Winston–Wood*, Civil Action No. 3:10–2354–DCN–JRM, 2012 WL 887476, at *6 (D.S.C. Feb. 23, 2012) (*citing King v. Massarweh*, 782 F.2d 825, 826 (9th Cir.1986), and *Slaughter v. Anderson*, 673 F.Supp. 929, 930 (N.D.Ill.1987)), adopted by 2012 WL 896360 (D.S.C. Mar.15, 2012).

Accordingly, while plaintiff may have some claim against Defendant for the deprivation of his personal property under South Carolina law, it is not a violation of his rights under the United States Constitution, and therefore is not actionable under 42 U.S.C. § 1983.

To the extent that plaintiff's allegations raise an issue of access to courts, his claim also fails. To state a claim for denial of court access, a plaintiff must allege that he has been prejudiced in pursuing non-frivolous litigation concerning his conviction or prison conditions. *Lewis v. Casey*, 518 U.S. 343, 350–53, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996). Also, in order to make out a prima facie case of denial of access to the courts, a plaintiff cannot rely on conclusory allegations; he must identify with specificity an actual injury resulting from official conduct. *Cochran v. Morris*, 73 F.3d

1310, 1316 (4th Cir.1996); *see also White v. White*, 886 F.2d 721, 723–24 (4th Cir.1989). Additionally, he must demonstrate that the defendant caused actual injury. *Lewis*, 518 U.S. at 353–54. The actual injury requirement is not satisfied by just any type of frustrated legal claim. Actual injury requires that the inmate demonstrate that his "non-frivolous" post-conviction or civil rights legal claim has been "frustrated" or "impeded." *Id*. at 353–55. In this case, plaintiff simply alleges that his first mailed response in opposition to a pending motion for summary judgment in Civil Action No. 4:12-cv-2100 was not received by the Court. However, he re-mailed his response in opposition, which was received and considered by the Court. *See* Doc. # 179 in Civil Action No. 4:12-cv-2100. Accordingly, plaintiff fails to allege any specific facts demonstrating how he has been prejudiced in pursuing non-frivolous litigation or any actual injury.[2] Therefore, plaintiff has failed to state a cognizable claim.

III.     Conclusion

For the foregoing reasons, it is recommended that the district judge dismiss the complaint without prejudice and without issuance and service of process based upon plaintiff's failure to state a federal question claim on which relief may be granted.

IT IS SO RECOMMENDED.

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

May 20, 2015
Florence, South Carolina

**The plaintiff's attention is directed to the Notice on the next page.**

---

[2]The Court notes that summary judgement in favor of defendants was entered in January of 2014 in Civil Action No. 4:12-cv-2100. See Docs. # 218-219 in Civil Action No. 4:12-cv-2100.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).